62 So.2d 66 (1952)
MESSNER et al.
v.
WEBB'S CITY, Inc.
Supreme Court of Florida, Special Division A.
December 16, 1952.
Carey & Harrison, St. Petersburg, for appellant.
Macfarlane, Ferguson, Allison & Kelly and T. Paine Kelly, Jr., Tampa, for appellee.
ROBERTS, Justice.
This is an appeal from a judgment upon a directed verdict entered in favor of the defendant-appellee at the close of plaintiff-appellant's case in a suit to recover damages for injuries alleged to have been sustained through the negligence of the defendant.
The only evidence as to the circumstances surrounding the plaintiff's injury was that of the plaintiff herself. It appears therefrom that plaintiff entered defendant's store for the purpose of buying a straw hat. She testified at length as to her actions while in the store, but for our purposes the only facts necessary to relate here are that she was directed to proceed to a certain portion of the store by defendant's clerk; that, in walking down an aisle between two display counters or tables, she stepped on a "hard rolling object," which caused her to slip and fall to her injury; that, immediately after her fall, she and two of the clerks searched for the object which apparently caused her to fall, but were unable to find anything; that after she bought the hat and was on her way out of the store, she observed a thin *67 nail, two inches long, of the type commonly known as a "finishing nail", lying on the floor of the store near the entrance and 5 1/2 feet and to the left of the point where she had stepped on the "hard rolling object"; that she was positive this nail was what had caused her to fall; and that at the time she stepped on the object "just like a flash it flew through me `That is a nail.'"
The rule is that the owner of premises is charged with the duty of exercising ordinary care to keep his premises in a reasonably safe condition for the purposes to which they are adapted. He is responsible for injuries to his invitees due to latent or concealed perils, known to him or which in the exercise of reasonable care, should have been known to him, and which were by the invitee unknown or by the exercise of due care could not have been known to such invitee, and, of course, in the absence of a warning by the owner as to such dangers. Hall v. Holland, Fla., 47 So.2d 889, 891. It should be noted, however, that the "owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses, and is not required to give to the invitee notice or warning of an obvious danger", Hall v. Holland, supra, although this part of the rule is not pertinent here for reasons which will be hereinafter noted.
For the purpose of this review, and in accordance with the rule that all inferences reasonably deducible from the evidence and favorable to the plaintiff will be indulged in, we will assume that the nail was on the floor in an aisle between two display counters when plaintiff stepped on it, and that its presence there was the cause of her fall. It will also be assumed that its presence there would not ordinarily be observed by a customer, in the exercise of due care, and that it had potentialities of danger  in other words, that it was "a latent or concealed peril." But are these facts, without more, legally sufficient to fasten upon the defendant responsibility for the plaintiff's injuries? We do not think so.
There was no evidence as to how the nail came to be on the floor. The defendant was not engaged in the business of selling nails  it sold men's furnishings. There is no evidence that any repairs were being made on or near the defendant's premises. There is, in fact, nothing in the evidence from which it can reasonably be inferred that the presence of the nail was the result of some action of the defendant's employees. There is no evidence as to how long the nail had been on the floor, nor that the defendant's employees knew of its presence there, nor is there any evidence from which it can reasonably be inferred that the nail had been on the floor a sufficient length of time to charge the defendant with constructive notice of its existence. Thus, even if it be assumed that the nail was there and that it was a "latent or concealed peril," we think the plaintiff has failed to show that the defendant has breached its duty toward the plaintiff so that it must be held responsible in damages for her injuries. See Kraver v. Edelson, Fla., 55 So.2d 179.
This is not a case where the condition resulting in injury to a business invitee was created by the owner of the premises under circumstances where it might reasonably be inferred that injury to a business invitee might be anticipated. In such cases, the determination of whether the owner is guilty of a breach of its duty toward the invitee is usually submitted to the jury.
But where the evidence is such that all reasonable men in the exercise of an honest and impartial judgment must draw the conclusion that no breach of duty on the part of the defendant has been shown, it is not error to direct a verdict in defendant's favor. We think that such is the case here.
The other questions presented by the appellant have been considered, and no harmful error has been found.
Accordingly, the judgment appealed from should be and it is hereby affirmed.
SEBRING, C.J., and TERRELL and THOMAS, JJ., concur.