111 So.2d 743 (1959)
FOOD FAIR STORES OF FLORIDA, INC., a Florida corporation, Appellant,
v.
Rose SOMMER, Appellee.
No. 58-617.
District Court of Appeal of Florida. Third District.
May 7, 1959.
Rehearing Denied May 28, 1959.
*744 Brown, Dean, Adams & Fischer and W. Thomas Spencer, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham, Miami, and Alan R. Schwartz, Miami Beach, for appellee.
CARROLL, CHAS., Chief Judge.
The appellee Rose Sommer sued appellant Food Fair Stores of Florida, Inc. for damages which she alleged were caused by appellant's negligence. A jury awarded her $5,000, and the defendant appealed.
The negligence alleged and on which the appellee-plaintiff went to trial was that her injury was caused through negligent operation of a door by an agent or employee of the defendant.[1]
The evidence presented showed that plaintiff, a customer, was standing before a service window at the rear of the defendant's store, waiting to have a meat order filled. Nearby there was a door which opened into the store area. There was a sign on the door saying: "Caution! Door Swings Out!" A railing was provided, extending outward from the wall, between the service window and the door, to shield customers from the swinging door. The plaintiff stood with her arm or elbow on the railing and, obviously, extending beyond the *745 railing sufficient distance to be struck, as her arm was struck by the door when it was opened. It was not shown who caused the door to open, and the allegation that an agent or employee of the defendant operated the door, or that it was operated in a negligent manner, was not supported by any credible substantial evidence.
On that state of the evidence, the defendant's motion for directed verdict, made at the close of plaintiff's case, should have been granted. However, the learned trial judge denied the motion, upon granting an oral motion of plaintiff's counsel to amend the complaint as follows:
"That at the time and place described in paragraph 1 above some third person, customer or otherwise, did so negligently push, move or operate a swinging door so that the same was caused to come into violent contact with the person of the plaintiff; or in the alternative, at the time and place described in paragraph 1, the defendant negligently maintained its premises in having a careless condition created in the structure and design of the swinging door."
Rule 1.15(b) of 1954 Florida Rules of Civil Procedure, 30 F.S.A., entitled "Amendments to Conform with the Evidence," is in two parts.[2] The first part authorizes amendments to conform to proof where issues not pleaded are tried with express or implied consent of the parties. The second part of that rule deals with amendments to conform with evidence submitted beyond the pleadings, when such evidence is objected to for that reason, if it is deemed that the merits will be more effectively presented thereby, and it does not appear that the questioned evidence will prejudice the opposing party in maintaining his position.
Here the second part of the rule was not applicable or involved. Under the first part of the rule, before an amendment could be allowed charging negligent maintenance of the premises through improper structure and design of the door, it was essential that the record show that plaintiff had presented evidence which was sufficient, prima facie, to support an affirmative finding on the issues suggested by the motion to amend. Here the record did not meet that requirement. See Parker v. Parker, Fla. App. 1959, 109 So.2d 893.
Plaintiff was a business invitee in defendant's store. On the question of the duty owed to her by the defendant, we refer to the following statements by the Supreme Court.
"As we read the cases relied on by the appellant, they lay down the proposition  which is also the law of this jurisdiction  that the owner of a public building owes to a person who comes upon the premises in the pursuit of lawful business the duty of exercising reasonable care to have the premises safely constructed and maintained and to guard against subjecting such person to dangers of which the owner is cognizant or which the owner might reasonably have anticipated. * * *" First Federal Savings & Loan Ass'n v. Wylie, Fla. 1950, 46 So.2d 396, 400.

*746 "The rule is that the owner of premises is charged with the duty of exercising ordinary care to keep his premises in a reasonably safe condition for the purposes to which they are adapted. He is responsible for injuries to his invitees due to latent or concealed perils, known to him or which in the exercise of reasonable care, should have been known to him, and which were by the invitee unknown or by the exercise of due care could not have been known to such invitee, and, of course, in the absence of a warning by the owner as to such dangers. Hall v. Holland, Fla., 47 So.2d 889, 891. It should be noted, however, that the `owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses, and is not required to give to the invitee notice or warning of an obvious danger', Hall v. Holland, supra, * *." Messner v. Webb's City, Fla. 1952, 62 So.2d 66, 67.
In the instant case, if the design of the door, by opening or swinging open into the customer area, represented a danger to customers, a warning sign on the door announced its propensities.
Appellee contended that a picture of the door, which was introduced, alone was sufficient evidence to prove the amended allegation of negligently maintained premises through improper structure and design of the door. We can not so view the picture of the door.[3]
The appellant argued, and we feel correctly, that there was no competent substantial evidence introduced by plaintiff which could support or establish the allegations of the amendment. The "issues," the existence of which was implied by the allowance of the amendment, and the trial of which was requisite for the amendment rule to operate, were not there and were not "tried." A jury's verdict can not rest on a mere probability or guess, and we can not affirm a verdict where it has no rational predicate in the evidence. Golden v. Morris, Fla. 1951, 55 So.2d 714, 715; Jacksonville Coach Co. v. Early, Fla. 1955, 78 So.2d 369, 371.
It was error to grant the amendment, and to deny defendant's motion for directed verdict. The judgment is reversed, and the cause is remanded for entry of judgment for defendant.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.
NOTES
[1] The allegations as to negligence in the complaint were as follows: "That on or about August 14, 1956, while the plaintiff, Rose Sommers, was a business invitee upon the defendant's premises located at 17th Street and Alton Road, Miami Beach, Dade County, Florida, and the defendant, through its agents, servants, or employees, acting within the course and scope of such agency, service or employment, did so negligently push, move or operate a swinging door, so that the same was caused to come into violent contact with the person of the plaintiff, thereby causing serious and permanent personal injuries to the plaintiff, Rose Sommers."
[2] The cited rule 1.15(b) reads as follows: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment or decree; but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings the court may allow the pleadings to be amended to conform with the evidence; and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits."
[3] Cf. City of Jacksonville v. Hampton, Fla.App. 1959, 108 So.2d 768, 771.