164 So.2d 240 (1964)
Robert T. QUINNELLY, Appellant,
v.
SOUTHERN MAID SYRUP COMPANY, Inc., a Florida corporation, Appellee.
No. 4083.
District Court of Appeal of Florida. Second District.
April 15, 1964.
Rehearing Denied June 3, 1964.
*241 Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellant.
Fowler, White, Gillen, Humkey & Trenam, Miami, for appellee.
McDONALD, PARKER LEE, Associate Judge.
This is an appeal from a final judgment in favor of the Defendant, Southern Maid Syrup Company, Inc., a Florida Corporation, and against the Plaintiff, Robert T. Quinnelly, entered after the Court granted the Defendant's motion to dismiss the Second Amended Complaint for failure to state a cause of action. The only assignment of error directed to this Court is the dismissal of the Second Amended Complaint and entry of final judgment as a consequence thereof.
The pertinent portions of the Second Amended Complaint were as follows:
"1. That at all times material hereto the Defendant, Southern Maid Syrup Company, Inc., was owner and/or possessor in control of about five acres of land in or near Lake Harbor, Palm Beach County, Florida, on which it was, on October 4, 1961, building a syrup mill and during the construction of said syrup mill, the aforesaid defendant was an owner doing its own construction of said syrup mill on the premises aforesaid.
"2. That on or about October 4, 1961, at about 4:00 P.M., the plaintiff, ROBERT T. QUINNELLY, while in the employ of Industrial Equipment Company, Inc., as a boiler maker, while acting within the scope of his employment with the aforesaid employer, was, pursuant to contract between the defendant, SOUTHERN MAID SYRUP COMPANY, INC., and Industrial Equipment Company, Inc., which was an independent contractor, lawfully working upon the aforementioned construction site and premises.
"3. That at all times material hereto the defendant, SOUTHERN MAID SYRUP COMPANY, INC., had a non-delegable duty to provide a safe place to work for the plaintiff, ROBERT T. QUINNELLY, an invitee, and did negligently and carelessly fail to provide the plaintiff, ROBERT T. QUINNELLY, an invitee, with a safe place to work, by having the Florida Power & Light Company put up wires containing high voltage electricity in the area where the work was being done and having the said Florida Power and Light Company energize said wires when no electricity was being taken off said wires and there was no necessity for the wires to be energized, and the defendant, SOUTHERN MAID SYRUP COMPANY, INC., was further negligent in the following particulars:
"(a) Failing to have the said energized high tension wires in the proximity where the truck-crane and the plaintiff were working de-energized so as to provide the plaintiff with a safe place to work;
"(b) Failing to fulfill the non-delegable duty of warning the plaintiff, and the operator of the truck-crane which came against the energized wires that the said wires were energized;
"(c) Failing to properly supervise and inspect the work being done at the scene where the injury to the *242 plaintiff occurred and to observe the conditions there existing so as to make provisions for providing plaintiff with a safe place to work by warning him of the dangers there existent or de-energizing the wires on the Florida Power & Light Company poles which were placed there at the insistence of the defendant, SOUTHERN MAID SYRUP COMPANY, INC.
"4. That while working on the aforementioned job site on October 4, 1961, the plaintiff, ROBERT T. QUINNELLY, when near a truck-crane which, unknown to said plaintiff, was situated with its boom against the energized wires containing high voltage electricity on Florida Power & Light Company poles, received serious electrical burns and shock due to the negligence and carelessness of the defendant, SOUTHERN MAID SYRUP COMPANY, INC., in the particulars as hereinbefore alleged."
Our Courts have consistently held that where the plaintiff was an employee-invitee or a business visitor-invitee it was the duty of the defendant to use reasonable care in maintaining the premises in a reasonably safe condition and to have given the plaintiff timely notice and warning of latent and concealed perils, known to the defendant or which by the exercise of due care should have been known to him, and which were not known by plaintiff or which, by the exercise of due care, could not have been known to him. Hall v. Holland, Fla., 47 So.2d 889; Hickory House v. Brown, Fla., 77 So.2d 249. An ever underlying principle in all of these cases, before a defendant is held liable, is a showing by proper allegations of superior knowledge of the danger on the defendant's part.
The plaintiff contends that the case of Ahearn v. Florida Power & Light Company, Fla.App., 129 So.2d 457, supports and substantiates his claim against this defendant. The cases are easily distinguishable, however. The Ahearn case was an action against a distributor of electricity. A higher degree of care is required of persons engaged in the distribution of electricity than that of an ordinary land owner. Florida Power & Light Company v. Robinson, Fla., 68 So.2d 406, Price v. Florida Power & Light Company, Fla.App., 159 So.2d 654. In addition thereto, the Ahearn case clearly showed from the evidence superior knowledge on the part of Florida Power & Light Company of a dangerous condition. In the past, the company had warned workers (and Ahearn was an experienced worker) of the danger when a line was energized. A custom had been established at the time of the unfortunate accident. There were no warnings at the time of the accident and the company knew the lines were energized. Because of the past practices it was reasonable for the deceased to assume that the lines were de-energized. In the case at bar, there was no reason for the injured party or the operator of the boom-truck which came in contact with the wire to assume that the wire was de-energized. There is an allegation that the line dead-ended at a pole; but in the absence of a showing of some practice or standard of conduct which would authorize a person to believe that under those circumstances the wires were de-energized, any reasonable man should expect and anticipate the potential hazard. His duty is at least as great as that of the land owner.
There is no superior knowledge of danger on the defendant's part existing in this case. There is no allegation showing a breach of a duty owed the plaintiff. The allegations do not show any injuries as a proximate result of any conduct of the defendant. The instrumentality actually causing the injury was under the exclusive control of third persons. It was not the duty of the land owner to furnish the plaintiff a safe place to work, but to use due care in maintaining his premises. Notice or warning is not required where the dangerous *243 condition is open and obvious to a person who is exercising reasonable care for his own safety. Trimyer v. Norfolk Tallow Company, 192 Va. 776, 66 S.E.2d 441. The existence of an open and obvious power line is not an unsafe condition in and of itself. The defendant land owner was not engaged in a dangerous occupation; neither was the plaintiff. The trial court properly dismissed the second amended complaint. The judgment is therefore affirmed.
WHITE, Acting C.J., and KANNER (Retired), J., concur.