163 So.2d 510 (1964)
Kathryn F. TROTTER, and William T. Trotter, her husband, Appellants,
v.
Howard F. HEWETT, Appellee.
No. 63-525.
District Court of Appeal of Florida. Third District.
April 28, 1964.
Rehearing Denied May 19, 1964.
Sams, Anderson, Alper & Spencer, Sam Daniels, Miami, for appellants.
Blackwell, Walker & Gray, Walterman & Touby, Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HORTON, Judge.
A summary judgment was rendered in favor of the appellee, a dentist, in an action *511 for malpractice brought by the appellant Kathryn F. Trotter, who sustained a fractured jawbone during the course of the removal of an impacted wisdom tooth. The summary judgment was granted upon the pleadings, depositions and an affidavit.
The primary question here is whether the summary judgment was proper. We conclude that it was not and reverse.
The appellee took x-rays of the impacted tooth prior to its removal. These x-rays showed one-third to one-half of the tooth but very little of the root structure and the jawbone area in question. With the jawbone as a fulcrum, the appellee, in attempting to loosen, elevate and extricate the tooth, fractured the appellant's jawbone. She was subsequently taken to a hospital and surgery performed in order to repair the broken jawbone. One of the surgeons who performed the operation on appellant's broken jaw testified on deposition that the impacted tooth was very large in relation to the size of the jawbone. The affidavit of a dentist tendered in opposition to the motion for summary judgment disclosed that he had reviewed the x-ray films taken by the appellee of the appellant's impacted tooth and was of the opinion that the information revealed by these films was incomplete and inadequate for a reasonably prudent dentist to plan the extraction of such a tooth. In addition, he opined that "a reasonable and prudent dentist, under similar circumstances, should have obtained an x-ray film showing the complete tooth and roots and its relationship to the mandibular bone before proceeding with its extraction."
The appellant contends that the bad results were sufficient to warrant the case going to the jury. The appellant suggests a comparison between the acts in the case at bar and those depicted in Merola v. Stang, Fla.App. 1961, 130 So.2d 119, where the dental patient received a split chin from the operation of a high speed drill. On the other hand, the appellee just as strenuously contends, and with some authority,[1] that the bad result does not raise an inference of negligence nor is it sufficient to invoke the doctrine of res ipsa loquitur. In this respect we concur with appellee. Nevertheless, we are of the view that there is a sufficient showing in the record of a genuine issue of material fact to warrant the submission of this case to the jury. The affidavit of the dentist submitted in opposition to the motion for summary judgment was to the effect that a reasonable and prudent dentist under similar circumstances would have obtained an x-ray showing the complete tooth and roots and its relationship to the mandibular bone before making an extraction. There is some support for this view in the deposition of one of the surgeons who performed the operation on appellant's jaw after the fracture when he stated that he thought every dentist should make an x-ray of the complete tooth before performing an extraction on a wisdom tooth. Therefore, we conclude that the issue to be decided by the jury is whether the action of the appellee, under all the circumstances described, including the alleged failure to take sufficient or adequate x-rays of the tooth and jaw structure in the area of the tooth, was negligence, and if so, was such negligence the proximate cause of appellant's injuries.
This brings up appellee's last argument that there is no showing of proximate cause; that is, that the alleged failure of the appellee to make adequate x-rays of the appellant's tooth, root structure and jawbone, was the proximate cause of the ultimate result, to-wit: the breaking of the jawbone. On this issue we conclude that proximate cause is a question for the jury under appropriate instructions from the court. Proximate cause is not a question of science or legal knowledge  it is a fact to be determined in consideration of all the circumstances. It is only when the facts are susceptible of only one inference *512 that the question is one of law for the court. Otherwise it should be submitted to the jury. See Montgomery v. Stary, Fla. 1955, 84 So.2d 34, 40; and 23 Fla.Jur., Negligence, § 133, p. 358.
The summary judgment appealed should be and is hereby reversed and the cause is remanded for further proceedings.
Reversed and remanded.
NOTES
[1] 83 A.L.R.2d 7, § 29, p. 234.