PEARSON, Judge.
Gustav Rist was the plaintiff in the trial court. He appeals a final judgment for appellee, Northside Center, Inc., one of the defendants. The final judgment was entered pursuant to the granting of a motion to dismiss the second amended complaint for its failure to state a cause of action against Northside.
Rist was an employee of an independent contractor with whom appellee, Northside, had a contract for the painting of a light standard tower in appellee’s shopping center. During the course of his work, Rist was injured when a windblown uninsulated power line, belonging to the second defendant, Florida Power & Light Company, either came in contact with appellant or in close proximity to him. Florida Power & Light Company’s motion to dismiss was denied; the motion on behalf of Northside was granted. Since the trial court held that appellant’s complaint did state a cause of action against defendant Florida Power & Light Company, judgment for the appellee could not have been based upon a finding that as a matter of law the appellant was guilty of negligence contributing to his own injury. The single question presented on this appeal is whether the complaint stated a cause of action against Northside.
The second amended complaint alleged essentially, that the injury took place while the appellant was using an extension paint brush and a mobile elevator in order to paint the higher portions of the light standard; that the weather became windy and the uninsulated power line swung into appellant’s immediate area so that electricity was discharged and the appellant was injured; that Northside failed to warn the appellant of a latent or concealed dangerous condition created by the proximity of the power line to the light standard; and that this failure to warn violated North-side’s duty to exercise reasonable care towards the appellant, a business invitee.
The appellant urges that there is an issue of fact as to whether the hazard created by the sagging and windblown power line was a latent or concealed peril of which appellee Northside had knowledge or, in the exercise of reasonable care, ought to have had knowledge. Northside argues that the wire was there to be seen and appellant was there to see it; any danger was open and obvious and not latent and concealed. Therefore, Northside had no duty to warn the appellant.
Appellee relies for affirmance upon four Florida cases. The Supreme Court of Florida in Hall v. Holland, Fla.1950, 47 So.2d 889, reversed a judgment for the defendant because of errors in instructions to the jury and remanded the cause. The opinion sets out the principle of law to be applied in cases involving alleged failure of an owner of real property to provide an ordinarily safe place for invitees.
*485 In Hickory House v. Brown, Fla.1955, 77 So.2d 249, the Supreme Court reversed a judgment entered in favor of the plaintiff, holding that it was the duty of the trial court to take the case from the jury and direct a verdict for the defendant because the undisputed facts in the record failed to establish any liability on the part of the defendant as a matter of law.
In the recent case of Mai Kai, Inc. v. Colucci, Fla.1967, 205 So.2d 291, the Supreme Court quashed an opinion of the District Court of Appeal, 186 So.2d 798 affirming a judgment for the plaintiff entered after a trial by the jury. The Supreme Court held that on the evidence relative to material issues, the judgment could not be sustained.
The legal principle recurring in these three cases is that an owner has the duty to use reasonable care in maintaining his premises in a reasonably safe condition and to warn invitees of latent or concealed dangers known by the owner or which ought to have been known by him if he exercised due care, and that liability for injuries incurred on his premises will ensue only if the owner has not fulfilled this duty.
The fourth case appellee relies on is Quinnelly v. Southern Maid Syrup Co., Fla.App.1964, 164 So.2d 240, involving an appeal from a final judgment dismissing a complaint. The complaint alleged that the plaintiff was an independent contractor lawfully working upon defendant’s job site; that defendant failed to provide a safe place to work by having the Florida Power & Light Company put up wires containing high voltage, electricity in the area where the work was being done and failing to have the wires de-energized; that while working on the job site near a truck crane the plaintiff received serious burns because the boom of the truck crane was situated against the energized wires. In affirming the judgment, the court said:
“There is no superior knowledge of danger on the defendant’s part existing in this case. There is no allegation showing a breach of a duty owed the plaintiff. The allegations do not show any injuries as a proximate result of any conduct of the defendant. The instrumentality actually causing the injury was under the exclusive control of third persons. It was not the duty of the land owner to furnish the plaintiff a safe place to work, but to use due care in maintaining his premises. Notice or warning is not required where the dangerous condition is open and obvious to a person who is exercising reasonable care for his own safety.”
We do not consider this opinion to govern the instant case because the instrumentality alleged to have precipitated the injury to appellant Rist here was the natural force of the wind. We think, too, that there is a distinction between a condition which is so openly and obviously dangerous that any reasonable person must recognize it as dangerous and a condition which is open and obvious but which a reasonable person might not be able to recognize as dangerous. Such a distinction is particularly applicable to conditions surrounding the use of electricity, since the mythical ordinary reasonable man may not know or understand the peculiar propensities of wires carrying high voltage charges. We do not mean to imply that there is a duty upon a landowner to know more than an ordinary workman, although such a duty may arise. But we do point out that under the circumstances of the instant case it may be that the physical condition was open and obvious but the danger was not.
Our observations concerning the last case and the principle of law contained in the first three cases lead us to conclude that the appellant may be able to establish a prima facie case by showing (a) that the condition which led to his injury was known to Northside or was such that the Northside should have known of it, and *486 (b) that the condition was not such that the danger was open and obvious to the appellant.
It does not appear as a matter of law from the allegations of the complaint before us that the appellant has not stated a cause of action against the appellee. Accordingly, the final judgment dismissing the complaint against appellee, Northside Center, Inc., is reversed and the cause remanded for further proceedings.
Reversed.