254 So.2d 540 (1971)
Gustav RIST, Petitioner,
v.
FLORIDA POWER & LIGHT CO., a Florida Corporation, and Northside Center, Inc., a Florida Corporation, Respondents.
No. 39887.
Supreme Court of Florida.
January 7, 1971.
Rehearing Denied October 13, 1971.
Second Rehearing Denied December 6, 1971.
*541 Alan R. Schwartz, of Horton & Schwartz and Welsh & Carroll, Miami, for petitioner.
George W. Wright, Jr., of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for Fla. Power & Light Co.
Alvin N. Weinstein and Jeanne Heyward, Miami, for Northside Center, Inc.
PER CURIAM.
This cause having heretofore been submitted to the Court on Petition for Writ of Certiorari, jurisdictional briefs and portions of the record deemed necessary to reflect jurisdiction under Florida Appellate Rule 4.5, subd. c (6), and 32 F.S.A., and it appearing to the Court that it is without jurisdiction, it is ordered that the Petition for Writ of Certiorari be and the same is hereby denied.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.

ON PETITION FOR REHEARING
DEKLE, Justice.
This petition for certiorari in a negligence action is brought on alleged conflict with two lines of decisions represented by the holdings in Holl v. Talcott, 191 So.2d 40 (Fla. 1966), and Teddleton v. Florida Power & Light Co., 145 Fla. 671, 200 So. 546 (1941). Fla. Const. art. V, § 4(2), F.S.A. is the basis for our jurisdiction.
The Third District Court of Appeal affirmed summary judgments for both defendants at Fla.App., 235 So.2d 361. A prior appeal on pleadings is reported in Rist v. Northside Center, Inc., 210 So.2d 483 (3d DCA Fla. 1968).
The background facts are set forth at some length in those opinions. Essentially, plaintiff was employed as an independent contractor by Northside to paint the light standards at the Northside Shopping Center *542 in Miami and he had been underway with his work for several days. He did his painting from a railed platform atop a mobile, scaffold-type ladder which he tied to each standard (pole) as he progressed. He used a brush fitted into the end of a five-foot hollow aluminum handle.
It was a windy day. Plaintiff stated in his deposition that he saw the live wires before he began painting and attempted to avoid contact with them by working on the opposite side of the pole from the wires. They were three feet beyond the mast arm of the standard to the north (opposite) side from where he was painting on the south side. He felt "perfectly safe" as he proceeded in this manner. It became more windy, however, and an uninsulated electrical power line of Respondent Power Company was blown by the wind from the opposite side of the pole over to the side on which petitioner was working. He did not see the wire but heard a "big bang" when it struck the aluminum handle of his brush. The electrical shock severely injured the petitioner who was thrown to the floor of the platform atop the ladder.
Petitioner alleges that the Power Company negligently maintained its uninsulated power line outside of its easement and dangerously close to the light standard. He produced affidavits of experts that this was contrary to good engineering installation procedures. Petitioner claimed that Northside should have known and warned petitioner of the alleged dangerous condition when he was employed to paint the standards in the proximity of such dangerous wires.
Both defendants denied the allegations against them and asserted affirmatively a plea of contributory negligence as a matter of law. Summary judgments were granted on this defense as to both defendants. These judgments were affirmed by the Third District Court at Fla.App., 235 So.2d 361, 363-364, saying:
"[The plaintiff] voluntarily placed himself in a position of known danger when he had actual knowledge of the power wires, their location, and the weather conditions prevailing at the top of his platform. Under these facts it appears that plaintiff was contributorily negligent as a matter of law. See Richmond v. Florida Power & Light Co., Fla. 1952, 58 So.2d 687; and Kerben v. Florida Power & Light Co., Fla.App. 1961, 134 So.2d 280.
"The summary final judgment for the defendant Northside is also affirmed. See Quinnelly v. Southern Maid Syrup Company, Fla.App. 1964, 164 So.2d 240."
As to Respondent Florida Power & Light Company, the holding is in conflict with this Court's decisions in Holl v. Talcott, supra, and Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966), as to the summary judgment and is in conflict also on the matter of contributory negligence as a matter of law, with the cases of Teddleton v. Florida Power & Light Co., supra, and Hardware Mutual Casualty Co. v. Tampa Electric Co., 60 So.2d 179 (Fla. 1952).
We find that these facts present a jury question as to Respondent Florida Power & Light Company.
Northside cannot as a matter of law be held in these circumstances. It is demonstrated that no breach of any duty on the part of Northside toward the plaintiff was violated under these facts. Superior knowledge of a latent danger by an owner, lessee or the like (as Northside was) over that of its invitee (petitioner) is essential to the recovery sought in these circumstances. Quinnelly v. Southern Maid Syrup Co., 164 So.2d 240 (2d DCA Fla. 1964).
Petitioner cites Hall v. Holland, 47 So.2d 889 (Fla. 1950), as holding to the *543 contrary. Holland is expressly included in Quinnelly as consistent with this principle. It is, of course, not the rule as to Respondent Power Company, a distributor of the dangerous commodity of electricity which demands a degree of care higher than the ordinary care required of Northside, an owner. Quinnelly, 164 So.2d at page 242 made this distinction.
Certiorari is accordingly granted as to Florida Power & Light Co. and the decision of the District Court thereon is quashed and the cause remanded for trial. The petition as to Northside is denied.
It is so ordered.
ERVIN, BOYD and McCAIN, JJ., concur.
ROBERTS, C.J., and CARLTON and ADKINS, JJ., dissent.