## DAVIS v. KARLICK.

No. 71-C-4039.

Circuit Court, Fifteenth Judicial Circuit.

November. 15, 1972.

Nason, Gildan & Yeager, West Palm Beach, for the plaintiff.

Jones, Paine & Foster, West Palm Beach, for the defendant.

JAMES R. KNOTT, Circuit Judge.

*Final judgment for defendant:* This case was tried before the court without a jury. The court has considered the testimony and documentary evidence, and the court being fully advised in the premises, the following findings of fact and conclusions of law are made —

Plaintiff was injured while working as a window washer on private premises for a window cleaning company. He was standing on a ladder and put his weight on or against a second-floor French window, preparing to wash it, when the top hinge gave way, causing him to fall off the ladder onto a concrete patio. He

engaged the services of defendant, an attorney, to prosecute a claim for damages against the owner of the premises and now sues the attorney for alleged negligence in prosecuting his claim.

The defendant, Arthur W. Karlick, is found to be guilty of negligence in that he failed, in his representation of the plaintiff, Mack Davis, Sr., to institute an action for the plaintiff against the proper party defendant before the same was barred by the statute of limitations.

Although the defendant was shown to be guilty of a negligent act, the burden of proof was on the plaintiff to prove, not only a negligent act, but damages proximately resulting from such negligent act, before recovery can be allowed.

The plaintiff has failed to carry the burden of proof as to damages in that the evidence, taken as a whole, leads to the conclusion that liability could not have been proved as to the proper party defendant, there being no showing that the property owner knew or should have known of the defect in the premises which resulted in the fall of the plaintiff.

Further, the evidence as a whole supports the conclusion that the plaintiff was guilty of contributory negligence in that his experience as a window washer should have given him the knowledge that the window should have been adequately tested by him before any force or weight was applied thereto. Superior knowledge of a latent defect by an owner, lessee or the like over that of his invitee is essential to recovery. Quinnelly v. Southern Maid Syrup Company, Inc., 164 So.2d 240 (2d DCA Fla., 1964).

Upon the foregoing findings of fact and conclusions of law and for other good and sufficient reasons, it is ordered and adjudged that the plaintiff, Mack Davis, Sr., take nothing by his complaint, and that the defendant, Arthur W. Karlick, go hence without day. Costs may be taxed subsequently upon proper motion and proof.