379 So.2d 961 (1979)
Betty Elwood MELTON, As Personal Representative of the Estate of Thomas Albert Melton, Deceased, and for the Benefit of the Survivors of Thomas Albert Melton, Deceased, Appellant,
v.
Henry ESTES, d/b/a Tharpe Street Trailer Park and United States Fidelity and Guaranty Insurance Company, Appellees.
No. JJ-437.
District Court of Appeal of Florida, First District.
May 15, 1979.
*962 Marion D. Lamb, Jr., R. William Roland and James N. McConnaughhay of McConnaughhay, Booth & Roland, Tallahassee, for appellant.
David A. Barrett and Roy L. Glass of Barrett, Boyd & Bajoczky, Tallahassee, for appellees.
MELVIN, Judge.
James Patronis, in October of 1976, rented a trailer space from Henry Estes, in Estes' trailer park known as Tharpe Street Trailer Park. Allstate Mobile Home Movers undertook the task of moving the Patronis' trailer onto the Estes' trailer park and Bobby Lord was the driver of its tractor power unit used for such purpose. While the trailer was being pulled onto the lot rented by Patronis, the wheels of the trailer fell into a septic tank, the location of which was not obvious to the driver. Estes had advised Lord of other septic tanks and utilities in the area that would constitute some hazard, but he did not call this particular septic tank to his attention. After the trailer had come to rest, Lord advised that he would be unable to remove it until the following day. The next day, Melton, who was a part-time employee of Allstate Mobile Home Movers, came with Lord for the purpose of removing the trailer.
At the time the trailer fell into the septic tank, Estes had superior knowledge as to the location of such tank. However, when the house trailer had been pulled over the septic tank, the tank had broken and the trailer fell in. From that point forward, everyone involved had equal knowledge of the location of that septic tank, the location and condition of the house trailer, and the soil in the area. It cannot be in reason said that Estes had any comparable knowledge to that possessed by Lord or Melton as to the proper procedure for removing a house trailer from a septic tank. Melton and Lord had superior knowledge, to that possessed by Estes, as to the weight of the house trailer and the foundation support that would be necessary for jacks to rest upon in order to lift the house trailer from the septic tank. The activities of Lord and Melton, employees of Allstate Mobile Home Movers, were necessarily independent of any previous negligence on the part of Henry Estes in failing to advise as to the location of the septic tank. Whether or not Allstate Mobile Home Movers should have, in the exercise of due diligence, sent to the scene an appropriate size lift-crane or whether it should have sent a part-time *963 employee were judgment factors made by Allstate Mobile Home Movers and concerning which Henry Estes had no part and no decisional responsibility.
The tragic death of Melton occurred when inadequate boards were placed to support the lift jacks and the boards gave way trapping Melton under the house trailer, crushing him to death. Before Melton crawled under that house trailer and before he and Lord attempted to place the boards and jack-up the house trailer, they knew, or should have known, the condition of the soil as to whether or not it was hard packed or soft type soil. Their failure to use reasonable care was the sole legal cause of the accident that crushed the life out of Mr. Melton. Melton and Lord, not Estes, had superior knowledge of any danger involved in the effort to jack-up and extract the mobile home from a septic tank. The activity of Lord and Melton in the procedures followed by them in their effort to extract the house trailer constituted an independent, intervening cause that completely disintegrated the causal connection between Estes prior negligence and the claimant's injuries. It was not foreseeable by Estes that Lord and Melton would not observe that which was obvious and would not take reasonable care for their own safety. Therefore, there was no issue of fact for a jury determination. Pope v. Pinkerton-Hays Lumber Company, 120 So.2d 227 (Fla. 1st DCA 1960).
In Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), our sister court of appeal affirmed a summary judgment entered in favor of the Florida Power & Light Company and the University of Miami in a suit by Arleen S. Rice, as personal representative of the Estate of Brian Rice. Rice was electrocuted on the campus of the University of Miami when a model airplane that he was flying over an open field, with metal line hand control, came in contact with uninsulated power lines. The power lines were not a "latent hazard" but were obvious for all who cared to observe. The court held at 839:
"We have stated that the existence of unobstructed power lines, clearly visible above an open field is not a latent hazard. See footnote 2, supra. The duty of a landowner to an invitee is to use ordinary care to maintain the premises in a reasonably safe condition for use in a manner consistent with the invitation, and to warn of latent perils which are known or should be known to the owner but which are not known to the invitee or which, by the exercise of due care, could not be known to him. Hickory House v. Brown, 77 So.2d 249 (Fla. 1955); Messner v. Webb's City, 62 So.2d 66 (Fla. 1952); Hall v. Holland, 47 So.2d 889 (Fla. 1950); Quinnelly v. Southern Maid Syrup Company, 164 So.2d 240 (Fla. 2d DCA 1964).
An `owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own sense, and is not required to give the invitee notice or warning of an obvious danger.' Hall v. Holland, supra, at 891-92. Messner v. Webb's City, supra. Nor need he alter the premises to eliminate known and obvious dangers. Hall v. Holland, supra, at 892.
Where an obviously dangerous condition exists, an underlying requirement to liability of a landowner is that he have knowledge of that condition which is superior to that reasonably obtainable by the invitee Rist v. Florida Power & Light Company, 254 So.2d 540 (Fla. 1971); Somers v. Meyers, 171 So.2d 598 (Fla. 1st DCA 1965); Quinnelly v. Southern Maid Syrup Company, supra. Such is not the case on the facts before us." (Emphasis supplied)
Likewise, such is not the case on the facts before us.
The final summary judgment appealed from is AFFIRMED.
McCORD, C.J., concurs.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
The majority is in agreement that Estes had superior knowledge of the location of *964 the septic tank. The law is clear that Estes, the landowner, owed his invitees a duty to maintain his premises in a reasonably safe condition and to warn them of dangerous conditions which he knew or should have known and of which his invitees were ignorant and could not with reasonable care discover. McNulty v. Hurley, 97 So.2d 185 (Fla. 1957); Post v. Lunney, 261 So.2d 146 (Fla. 1972). Notwithstanding the fact that Estes breached his duty by failing to disclose to Lord the location of the septic tank, the majority concludes that it was Melton's negligence  not Estes'  which was the proximate cause of the former's death. The majority states it was not foreseeable by Estes that Lord and Melton would not observe that which was obvious and not take reasonable care for their own safety. Nevertheless, it was foreseeable by Estes that some one was required to remove the trailer from the hole. Estes did not undertake that responsibility.
An independent, intervening cause breaks the causal connection between a defendant's negligence and the claimant's injuries only if the intervening cause is not a foreseeable or probable consequence of a defendant's negligence. Johnson v. Wood, 155 Fla. 753, 21 So.2d 353 (1945); Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960). I do not think the facts clearly show that Melton's attempt to remove the trailer was not a foreseeable consequence of Estes' negligence, nor do I think they show that Melton's negligence was the sole proximate cause of his death. Generally, proximate cause is an issue for the jury to determine. It "is not a question of science or legal knowledge  it is a fact to be determined in consideration of all the circumstances." Trotter v. Hewett, 163 So.2d 510, 511 (Fla. 3d DCA 1964); Wisdom v. Nickels, 212 So.2d 652 (Fla. 4th DCA 1968). I would reverse the summary judgment and permit the parties to proceed to trial.