490 So.2d 135 (1986)
Cecil STORR, Appellant,
v.
Nadine PROCTOR, Appellee.
No. 85-1922.
District Court of Appeal of Florida, Third District.
June 3, 1986.
Rehearing Denied July 14, 1986.
*136 Keyfetz, Poses & Halpern and Andrea R. Baron, Miami, for appellant.
Hoppe & Backmeyer and Thomas Backmeyer, Miami, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
BARKDULL, Judge.
Nadine Proctor employed her ex-husband, Cecil Storr to build her a patio. Storr worked in construction and had 25 years experience in the field. Pursuant to their agreement, Proctor was to furnish all the materials to be used in constructing the patio. To this end she furnished Storr with a roll of wire mesh which she had stored in the open for about 1 1/2 years. The roll of wire was rusty, but Storr seeing nothing wrong with it, other than some rust, proceeded to unroll the wire. While he was doing so one of the wire mesh strands broke loose and recoiled striking Storr in his leg, causing a puncture wound which ultimately became infected. Thereafter, Storr brought the instant action seeking damages. Issue was joined and after the depositions of the parties were taken Proctor moved for a summary judgment. The trial court entered a final summary judgment for Proctor and the instant appeal ensued. We affirm.
The duty of the landowner to a business invitee is to maintain the premises in a reasonably safe condition and to warn the invitee of latent perils which are known or should be known to the owner but which are not known to the invitee or which, by the exercise of due care could not be known to him. Hickory House v. Brown, 77 So.2d 249 (Fla. 1955); Messner v. Webb's City, 62 So.2d 66 (Fla. 1952).
An owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own sense, and is not required to give the invitee notice or warning of an obvious danger. Melton v. Estes, 379 So.2d 961 (Fla. 1st DCA 1979); Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978).
It is well settled that the property owners knowledge of a danger must be superior to that of the invitee in order to *137 create a duty to warn of dangers unknown to the invitee. Vermont Mutual Insurance Co. v. Conway, 358 So.2d 123 (Fla. 1st DCA 1978); Somers v. Meyers, 171 So.2d 598 (Fla. 1st DCA 1965); Quinnelly v. Southern Maid Syrup Co., 164 So.2d 240 (Fla. 2d DCA 1964).
We find nothing in the instant case to establish any legal liability on the part of Proctor for the very obvious reason that Storr, a man experienced in this type of construction, admitted that he made a visual inspection of the wire which appeared sound to him. If it appeared sound to Storr, how can it be successfully contended that Proctor, who had no knowledge thereof, could have discovered the defect.
Therefore, we find that the trial court correctly entered the final judgment appealed.
Affirmed.
JORGENSON, J., concurs.
BASKIN, Judge, dissenting.
In my opinion, an issue of material fact exists regarding whether Proctor's knowledge of the dangerous condition of the wire mesh was superior to Storr's knowledge. I would, therefore, reverse the summary final judgment entered in favor of Proctor, see Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965); Plyser v. Hados, 388 So.2d 1284 (Fla. 3d DCA 1980), and remand for trial.