DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ISRAEL SALINAS,** individually, and as parent
and natural guardian of JS, LS, and IAS,
Appellant,

v.

**RICHARD WEDEN, MARY WEDEN** and
**FORT PIERCE UTILITIES AUTHORITY,**
Appellees.

No. 4D19-3634

[November 25, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Barbara W. Bronis, Judge; L.T. Case No. 2018CA000876.

Marc R. Ginsberg of Mandina & Ginsberg, LLP, Miami Lakes, for appellant.

John Bond Atkinson and Tiffany Bustamante of Atkinson, P.A., Miami, for appellees Richard Weden and Mary Weden.

PER CURIAM.

We affirm the summary judgment in favor of homeowners on a complaint by an independent contractor for injuries he suffered when he was electrocuted while trimming trees on their property.

A property owner is generally not liable for injuries sustained by an independent contractor or its employees while performing their work. *See Phillips v. Republic Fin. Corp.*, 157 So. 3d 320, 324 (Fla. 5th DCA 2015); *Houk v. Monsanto Co.*, 609 So. 2d 757, 759 (Fla. 1st DCA 1992). An exception to that general rule is that:

> 'A person who is having work done on his premises by an independent contractor, and has actual or constructive knowledge of latent or potential dangers on the premises, owes a duty to give warning of, or use ordinary care to furnish protection against, such dangers to employees of the

contractor and subcontractor who are without actual or constructive notice of the dangers.'

*Fla. Power & Light Co. v. Robinson*, 68 So. 2d 406, 411 (Fla. 1953) (citations omitted). However, "[a]n 'owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own sense, and is not required to give the invitee notice or warning of an obvious danger.'" *Rice v. Fla. Power & Light Co.*, 363 So. 2d 834, 839 (Fla. 3d DCA 1978), citing *Hall v. Holland*, 47 So. 2d 889, 891-92 (Fla. 1950).

The independent contractor admitted that he saw the electric lines above the palm trees. While the contractor contends that he did not know that the lines were high voltage lines, it does not seem to us that this constitutes a latent danger. All electric lines are dangerous, some more than others. "[T]he existence of unobstructed power lines, clearly visible above an open field is not a latent hazard." *Rice*, 363 So. 2d at 839; *see also Somers v. Meyers*, 171 So. 2d 598, 601 (Fla. 1st DCA 1965) ("[I]t is presumed that the inherent dangers of electrically energized wires is [sic] known to all except those of tenderest age.").

*Affirmed.*

WARNER, GERBER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2