AMON TEDDLETON, as Administrator of the Estate of Isaac Teddleton, a Minor, Deceased, Plaintiff in Error, v. FLORIDA POWER & LIGHT COMPANY, Defendant in Error.

200 So. 546
Division B
Opinion Filed January 24, 1941
Rehearing Denied March 11, 1941

672

O. S. *Miller,* for Plaintiff in Error;

*Earnest, Lewis & Smith,* for Defendant in Error.

WHITFIELD, J.—The writ of error herein was taken to a judgment for defendant upon a directed verdict for defendant after plaintiff's testimony had been adduced. A farm laborer between twenty and twenty-one years of age was killed by an electric shock from a low sagging electric wire of the power company over the place where such laborer was using a ten-foot metal rod with a chain on the loose end and attached to a motor tractor in marking rows for planting sunflower seed. This action was brought by the administrator of the deceased laborer's estate under Sections 7047 (4960), 7048 (4961), C. G. L. See Bowden v. Jacksonville Electric Co., 52 Fla. 152, 41 So. 400, 7 Ann. Cas. 859; Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 So. 755, 15 L. R. A. (N. S.) 451.; Davis v. Fla. Power Co., 64 Fla. 246, 60 So. 759, Ann. Cas. 1914B, p. 965; F. E. C. R. Co. v. Hayes, 67 Fla. 101, 64 So. 504, 7 A. L. R. 1310; M. &. B. R. R. Co. v. May, 83 Fla. 524, 91 So. 553; Miami Dairy. Farms, Inc., v. Tinsley, 115 Fla. 650, 115 So. 850, 121 Fla. 780, 164 So. 530.

The second amended declaration herein contains the following allegations:

"Comes now, Amon Teddleton, as administrator of the estate of Isaac Teddleton, a minor, deceased, named in the action styled above by his undersigned attorney and sues

the defendant named above in said action and in this his second amended declaration and says that the plaintiff, Amon Teddleton, is the father of the said Isaac Teddleton, deceased, a minor, and that the said Isaac Teddleton at the time of his death was a physically strong and able-bodied negro farm laborer and was a man of splendid life, habits and industry and was a minor and was not married and had he lived would have been twenty-one years of age on the 3rd day of February, A. D. 1939; and that the plaintiff, Amon Teddleton, is now under County Judge's Court of Palm Beach County, Florida, the duly appointed, qualified and acting administrator of the estate of said Isaac Teddleton, deceased, a minor; and that on or about the hour of ten thirty-five o'clock in the forenoon on Friday, the 21st day of October, A. D. 1938, the defendant owned or controlled, maintained and operated a great many certain dangerous, high tension, highly charged, exposed, uninsulated electric current and power lines and wires connecting and supplying and transmitting dangerous electric current and power to the public for hire for lighting and other purposes in the vicinity of Pahokee, Florida, suspended on poles set about three hundred feet apart for a distance of one quarter of mile to one-half of mile over and across that certain farm land owned or controlled and cultivated by one certain . . . Wouters at or near Pahokee, Florida, and located on the north side of the Florida East Coast Railroad track and about one quarter of mile east of and from the power house of defendant in Pahokee, Florida, with said dangerous electric lines and wires built and constructed twenty feet to twenty-four feet elevated above the ground and suspended on said poles at or near, over and across that part of said farm land used as end of furrows or rows and used as place of turning around or place like a

turn table for plows, tractors, trucks and farm machinery
working on said farm land and used as passageway to and
from said farm lands for persons, plows, trucks, tractors
and farm machinery in preparing said farm land for
cultivation and in the cultivation thereof and the harvesting
and gathering and marketing of crops grown on said farm
land; and that at said time and place the said defendant so
negligently allowed the same to become in disrepair and
negligently allowed one of its dangerous electric power lines
and wires to become in need of repair and to sag and to
drop and to hang down and to be and remain out of place
and to become loose from its fastenings between two of
its said poles over, near, at and across the end of the said
furrows or rows or place for turning around of plows,
tractors, trucks and farm machinery working on said farm
land and used as passageway to and from said farm lands
at so low and so close a distance to the ground, to-wit: nine
and one-half feet from the ground, that said Isaac Teddleton
had a right to be working and was working in broad and
open vision of the public and of the said defendant and on
that part of said farm land used as said end of furrows or
rows or turning place of plows, trucks, tractors and farm
machinery working on said farm land and used as passage-
way as stated above and underneath said dangerous, ex-
posed, uninsulated, sagging, dropped down and hanging low
overhead electric line and wire; and while so working said
Isaac Teddleton at the end of the said furrows or rows or
turning place for plows, trucks, tractors and farm machinery
working on said farm lands and used as passageway to
and from said farm lands and underneath said power lines
and wires charged with dangerous electric power in handling
and turning over and around a certain iron pipe or row
marker about ten feet long fastened to the rear end of the

lower framework or chassis part of a tractor, and while engaged in laying off or marking off rows to be planted to seed in said farming operation, came in contact with one of defendant's said dangerous, exposed, uninsulated, sagging, dropping down and low hanging overhead electric power lines and wires nine and one-half feet above the ground, and that said Isaac Teddleton during his life-time received so great a shock therefrom that said Isaac Teddleton then and there died instanter therefrom as a direct and proximate cause and result of the negligent and careless manner in which defendant permitted and allowed and maintained one of its said dangerous power lines and wires and negligently allowed the same to get into disrepair and negligently allowed the same to become in need of repair and to sag, drop, hang down and loosened from its fastenings at too low and close a distance from the ground and overhead so as to become a menace and a public nuisance; and that defendant knew or could or should have known, in exercise of due care, of the unsafe condition of its said sagging, dropped down, hanging low and loosened overhead electric wire from its fastenings; and that defendant knew or said defendant could by reasonable observance of diligence have known of the use to which the land underneath said dangerous electric line and wire was being made, to-wit: end of furrow or rows and place for turning around of plows, tractors, trucks and farm machinery working on said farm lands and used as passageway as stated above; and defendant knew or could have known by reasonable observance of diligence that _____ Wouters was then and there farming and cultivating and using part of said farm lands as end of furrows or rows and place for turning around of plows, trucks, tractors, and farm machinery working on said farm land and used as passageway in the

manner stated above and underneath said dangerous, exposed, charged electric power lines at the place where said Isaac Teddleton came in contact with said dangerous, sagging electric line or wire; and plaintiff sustained permanent damage and injury and is entitled to recover from defendant such damage as said intestate's estate suffered by reason thereof from date of his majority on February 3rd, 1939, has said Isaac Teddleton lived, to date of his reasonable life expectancy and for all of which plaintiff, as said administrator of said estate, sues defendant and claims damages in the sum of Twenty-five Thousand ($25,000.00) Dollars."

A demurrer and a motion for compulsory amendment were denied. Pleas were filed as follows:

"1. ... not guilty.

"2. ... that the deceased carelessly and negligently came in contact with the wires complained of and thereby contributed to his own death.

"3. ... that the deceased knew, or by the exercise of reasonable care for his own safety should have known, of the existence and location of the wires complained of and should have avoided contact therewith, yet, nevertheless, he so carelessly and negligently handled the iron pipe or row marker as to bring the same in contact with said wires by means whereof he sustained the injury causing his death, and thereby contributed thereto."

Verdict for defendant was directed and returned. Motion for new trial was denied and judgment for defendant was rendered. Plaintiff took writ of error.

The statute provides:

"Upon the trial of all cases at law in the several courts of this State, the judge presiding on such trial shall charge the jury only upon the law of the case; that is, upon some point or points of law arising in the trial of said cause. If,

however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, or upon behalf of the State in any criminal case, it be apparent to the judge of the circuit court, criminal court, county court, or civil court of record that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff in such civil case, or a verdict against defendant in any criminal case, the judge shall upon motion of the defendant direct the jury to find a verdict for the defendant; . . ." Sec. 4363 (2696) C. G. L.

The judge should never give an affirmative charge directing a verdict for the defendant, that is tantamount to an order sustaining a demurrer to the evidence, unless it is *clear* that there is no evidence whatever adduced that could in law support a verdict. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence *tending* to prove the issue, the case should be submitted to the jury for their finding on the facts, and not taken from them to be passed upon by the judge as a question of law." Fla. Cen. & Pen. R. R. Co., 37 Fla. 406, 20 So. 558, headnote 7.

"Electricity is an invisible force, highly dangerous to life and property, and those who make, sell, distribute and use it are bound to use care in proportion to the danger involved." Jacksonville Elec. Co. v. Sloan, 52 Fla. 257, 42 So. 516. See Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330, 41 A. L. R. 1323.

"Where contributory negligence is a complete defense, a minor may be guilty of such contributory negligence as will bar a recovery by him where his age, intelligence and experience, and the surrounding circumstances render him capable of appreciating and avoiding obvious dangers. German-American Lbr. Co. v. Hannah, 60, Fla. 70, 53 So.

516, 30 L. R. A. (N. S.) 882." Encyc. Dig. of Fla. Rpts., Vol. 10, p. 202, Sec. 22.

"In determining whether error was committed in directing a verdict, due consideration should be given the organic right of trial by jury. Otherwise fundamental principles may be subordinated to procedure or convenience.

"The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same.

"In directing a verdict, the court is governed practically by the same rules that are applicable to demurrers to evidence.

"A party moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.

"A case should not be taken from the jury by directing a verdict for the defendant on the evidence, unless the conclusion follows as a matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish." Gravette v. Turner, 77 Fla. 311, 81 So. 476, headnotes 1, 2, 3, 4 and 8.

In this case the trial court predicated its order directing a verdict for the defendant at the close of plaintiff's testimony upon the theory of contributory negligence of plaintiff's decedent, which recognized negligence of the defendant as alleged and shown by the evidence adduced for the plaintiff. Decedent must have known of the low sagging wire, and there is evidence tending to show that decedent was efficient in using the iron rod attached to a tractor in marking rows for seed planting; but the evidence does not show contributory negligence of the decedent even if it tended to show the decedent was aware of the danger in a

contact of the metal rod with the overhanging uninsulated electric wire, and there is evidence tending to show that the way the decedent handled the metal rod at the time of the fatal injury was a way in which the metal rod may be used in reversing the course at the end of a row in the process of marking rows.

Defendant was not as matter of law entitled to a verdict in its favor at the close of the plaintiff's testimony. The declaration, though not a model pleading, states a cause of action for the limited recovery of damages allowed by the statute. See authorities first cited, *supra*.

The judgment is reversed and the cause will be remanded for appropriate proceedings.

Reversed.

TERRELL, C. J., BROWN and CHAPMAN, J. J., concur.