253 So.2d 401 (1971)
Lee Andrew ALLEN, Petitioner,
v.
FLORIDA POWER CORPORATION, a Florida Corporation, Respondent.
No. 40457.
Supreme Court of Florida.
June 23, 1971.
On Rehearing September 22, 1971.
Rehearing Denied November 8, 1971.
J.B. Spence, of Spence, Payne & Masington, and Robert Orseck, of Podhurst, Orseck & Parks, Miami, for petitioner.
Sam H. Mann, Jr., and John T. Allen, Jr., of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for respondent.
PER CURIAM.
The Petition for Writ of Certiorari reflected probable jurisdiction in this Court. We issued the Writ and have heard argument of the parties. After hearing argument and upon further consideration of the matter, we have determined that the Court is without jurisdiction. Therefore, the Writ must be and is hereby discharged and the Petition for Writ of Certiorari is dismissed.
It is so ordered.
ROBERTS, C.J., CARLTON and BOYD, JJ., and MASON, Circuit Judge, concur.
ERVIN, ADKINS and McCAIN, JJ., dissent.

ON REHEARING GRANTED
PER CURIAM.
This is a conflict certiorari review of the decision of the Second District Court of Appeal in Allen v. Florida Power Corporation, 239 So.2d 608, where the District Court affirmed the judgment of the trial *402 court on the authority of Kaplan v. Wolff, Fla.App. 1967, 198 So.2d 103; 6345 Collins Ave., Inc., v. Fein, Fla. 1957, 95 So.2d 577; Tampa Drug Company v. Wait, Fla. 1958, 103 So.2d 603, and Woodcock v. Wilcox, 1929, 98 Fla. 14, 122 So. 789.
These cases cited by the District Court relate generally to the nature and definition of the defenses of contributory negligence or assumption of risk. However, they were cited by the District Court as authority to affirm a judgment in favor of the Respondent-defendant, Florida Power Corporation, entered pursuant to a directed verdict in favor of the Respondent-defendant at the close of the trial in which evidence for both parties was submitted to the jury.
The issue presented here is whether the District Court committed patent conflict error in affirming the trial court's direction of the verdict upon which judgment was entered in favor of Respondent on the authority of the cases it cited, thus precluding consideration by the jury of the evidence submitted by the parties on the record issues made by the pleadings of the parties.
Briefly, the facts of the case are as follow: On August 5, 1965, Lee Andrew Allen was unloading blocks from a boom-truck in an alley to the rear of the building at 3939 Fourth Street North, St. Petersburg, Florida. During the operation, the boom inadvertently came into contact with a Florida Power Corporation high tension power line conveying 7200 volts of electricity, resulting in grievous burns and injuries to Mr. Allen, including amputation of one leg, part of the other, and amputation of both arms above the hands to varying degrees. Allen then sued the Power Corporation for damages in Pinellas County Circuit Court, alleging company negligence in maintenance of its lines proximately causing the electrocution and injuries. Specifically, the complaint asserted there was a sag or dip in the line below the ordinary level for such a line; that the line was not insulated; and that the line was located in a position and at a level contrary to accepted engineering practices in Florida, and contrary to the regulations of the City of St. Petersburg.
The company answered, denied negligence and liability, and interposed an affirmative defense of contributory negligence and another defense of third-party negligence as the sole proximate cause.
At the close of plaintiff's case, the defendant's motion for directed verdict was denied; but on renewal of the motion at the close of all the evidence, the trial court granted defendant's motion for directed verdict.
The cases of Teddleton v. Florida Power & Light Company, 145 Fla. 671, 200 So. 546; Hardware Mutual Casualty Co. v. Tampa Electric Co., Fla., 60 So.2d 179, and City of Williston v. Cribbs, Fla., 82 So.2d 150, were cited by Petitioner to demonstrate conflict.
We agree, and find these cases conflict on "all-fours" with the result reached in the instant decision of the District Court because it misapplied the cases it relied upon for affirmance.[1]
In the first two cases cited to show conflict, this Court reversed directed verdicts in negligence situations where electric shock on contact with electric wires or lines produced the injury or death. In Teddleton, the reversal was on the ground the evidence did not show contributory negligence as a matter of law, even if decedent was aware of the danger of contact with a metal rod connected with an overhanging, uninsulated electric wire. In the Hardware Mutual Casualty Co. case, a directed verdict in favor of the electric company was reversed where a fruit picker came in contact with uninsulated lines while working on a ladder. Although the picker had been warned and cautioned to *403 be careful, this Court held that a jury question was presented.
In the City of Williston case, a contractor's employee was killed when he came into contact with electric wires while walking along the ridge of a roof which he was measuring with a steel tape. This Court held decedent was not guilty of contributory negligence or assumption of risk as a matter of law and the question of negligence involved in the case was properly submitted to the jury.
It is apparent to us the cases cited by the District Court were misapplied, creating patent conflict in that they do not directly relate to the instant situation involving electric shock[2] or the direction of a verdict in favor of one of the parties therein precluding a jury determination of the disputed issue of negligence in such a case.
Having reached the conclusion that from the very nature of this case (a dangerous instrumentality case involving electricity) as reflected by the record pleadings and issues made thereby that conflict of decisions is patently apparent because of misapplication by the District Court of the cases it cited for affirmance, we have adverted to the transcript of evidence for substantiation of our prima facie view a jury question on the issue of negligence is present.
We find from the transcript there was testimony in behalf of plaintiff (Petitioner) that the electric wires in question actually ran through trees alongside an alleyway into branches thereof and that the lines ran into trees at a height between 15 to 20 feet; that plaintiff stopped his truck on the side of the alley and commenced to unload building blocks from the truck, using a boom. As the boom moved in a counterclockwise rotation to a point nearest the trees, it brushed against the limb of a pine tree. The plaintiff then picked up blocks at the front of the truck, raised the boom over the side, and began a clockwise movement to bring the boom back around the way from which it had come. Again the boom brushed a tree  then the plaintiff recalled nothing further due to the electric shock producing his injuries. When the accident occurred, plaintiff was standing where he could see electric wires in front of the tree but none directly overhead. He testified that at no time did he bring the boom into any wires that he could see and that he could not see any overhead wires in the pine tree. The wires, according to plaintiff, were 15-16 feet high and he was aware of those he saw, being careful not to contact them with the boom. He did not know whether or not they were insulated. He reiterated the foregoing testimony on cross-examination.
We found, also, other evidence for plaintiff relating to failure to insulate the electric wires, avoid their sagging, and their improper maintenance as dangerous instrumentalities.
This evidence of plaintiff was disputed by evidence submitted by the respondent Power Corporation, but according to the cases cited for conflict this disputed evidence was for the jury, the trier of facts in this case, to evaluate and determine, rather than for the trial judge to adjudicate as a matter of law. Only where the record is devoid of any evidence from which a jury of reasonable men could find liability, may a judgment based on a directed verdict stand. See Conda v. Plain, Fla., 222 So.2d 417, and Williams v. Hutson, Fla. App., 186 So.2d 558.
The decision of the District Court is quashed with direction that the case be remanded for a new trial in accordance with our opinion and judgment.
It is so ordered.
ROBERTS, C.J., ERVIN, BOYD and McCAIN, JJ., and MASON, Circuit Judge, concur.
CARLTON and ADKINS, JJ., dissent.
NOTES
[1] Cole v. Exchange Nat. Bank of Chicago, Fla., 183 So.2d 195; Hall v. Florida Bd. of Pharmacy, Fla., 177 So.2d 833; Young Spring & Wire Corp. v. Smith, Fla., 176 So.2d 903; Benefield v. State, Fla., 160 So.2d 706; Eskind v. City of Vero Beach, Fla., 159 So.2d 209, and Nielsen v. City of Sarasota, Fla., 117 So.2d 731.
[2] See Florida Power & Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911; Ahearn v. Florida Power & Light Co., Fla.App., 129 So.2d 457 at page 461, and 69 A.L.R. 2d 93.