OWEN, Judge.
Appellants, Malcolm Collins and Ka.y Collins, his wife, sued appellee, Florida Power & Light Company, for personal injuries they suffered from electrical shock while attempting to install at their home a television antenna which came into contact with appellee’s high tension powerlines strung directly over appellants’ home. The complaint alleged one count in negligence and a second count in trespass. Appellee’s motion for summary judgment was granted as to the negligence count on the grounds that plaintiffs were guilty of contributory negligence as a matter of law. The motion was denied as to the trespass count. Appel *8 lants bring an interlocutory appeal from the summary judgment for appellee on the negligence count, and appellee has cross assigned as error the denial of its motion for summary judgment as to the trespass count.
When appellants purchased their home in 1962 they were aware that appellee’s power-lines passed directly over the house. The presence of the powerlines was a constant source of concern to appellants, who on numerous occasions after occupying the house as their residence complained to ap-pellee of the potential hazard. Three phase lines, each carrying 7,620 volts to ground, were approximately 15 feet above the house roof, and a fourth wire, a neutral carrying no voltage, was approximately seven feet about the house roof. In a strong wind these lines would blow close to the television antenna which had been on the house when appellants purchased the property in 1962. Because of their concern that any contact between the wires and the antenna could be harmful to them or their property, appellants were in the habit of taking the antenna down during periods of high wind, subsequently re-erecting it when the winds had subsided. They had lowered and raised the antenna on the average of four to six times per year during the five years they had occupied the property.
On January 13, 1967, at approximately 5 :30 p. m., as it was beginning to get dark, appellants (with the help of a third person) were attempting to re-erect the television antenna which had been down for several weeks. The antenna was attached to a metal pipe the length of which was such that when in a vertical position the antenna extended several feet above the horizontal level of the power lines. The procedure followed in erecting the antenna was in stages. Initially, the assembly was lifted manually so that it leaned against a portion of the house roof. Then, Mr. Collins and the helper stood on the house roof and manually “walked” the assembly toward an upright position while Mrs. Collins remained on the ground and guided the bottom of the antenna pole toward a fixed receptacle designed for that purpose. Despite the fact that Mr. Collins and his helper had discussed the presence of the wires and the need to be careful, during this second stage of the operation the antenna was brought into contact with one of the powerlines, thereby causing both Mr. and Mrs. Collins to be injured by an electrical charge which was conducted through the antenna and the metal pole.
Appellants’ brief discusses at some length the evidence from which the negligence of appellee could properly be inferred. However, it is clear from the summary judgment entered against appellants that the trial court based its ruling solely upon a determination that appellants were guilty of contributory negligence as a matter of law. Thus, on this appeal we presuppose (but do not decide) appellee’s negligence.
While this appeal was pending, and in fact after the parties had presented oral argument, our State Supreme Court handed down decisions in Rist v. Florida Power & Light Co., 254 So.2d 540, opinion filed October 13, 1971, and Allen v. Florida Power Corporation, 253 So.2d 401, opinion filed September 22, 1971, which we feel control our decision here. In both cases the trial court had determined that the injured person, whose injuries were from electrical shock due to overhead power lines, had been guilty of contributory negligence as a matter of law. In the Rist case the plaintiff suffered an adverse summary judgment. In the Allen case the plaintiff suffered an adverse directed verdict. However, this distinction is unimportant, as the ratio decidendi in the cases is the same, i. e., that the question of whether the injured person was guilty of contributory negligence was a factual issue for the trier of fact rather than a question of law to be determined by the court. See also City of Williston v. Cribbs, Fla.1955, 82 So.2d 150; Hardware Mutual Casualty Co. v. Tampa Electric Co., Fla.1952, 60 So. 2d 179 and Teddleton v. Florida Power & *9 Light Co., 1941, 145 Fla. 671, 200 So. 546. For contra view see Kerben v. Florida Power & Light Co., Fla.App.1961, 134 So. 2d 280 and dicta in Watley v. Florida Power & Light Co., Fla.App. 1966, 192 So. 2d 27 and Florida Power Corp. v. Willis, Fla.App.1959, 112 So.2d 15.
While appellants’ conduct under the circumstances of this case may be contributory negligence as a matter of fact, we hold on the authority of the Rist and Allen cases, supra, that the court erred in deciding it to be such as a matter of law. Our determination to reverse this portion of the summary judgment adverse to appellants makes it unnecessary to decide either the merits of the cross appeal or whether it is a matter that is properly before us on interlocutory appeal.
The summary judgment for appellee on the negligence count of the complaint is reversed and this cause remanded for further proceedings.
Reversed and remanded.
REED, C. J., and CROSS, J., concur.