REED, Chief Judge.
The issue presented on this appeal is whether or not the trial court erred in granting a motion for a directed verdict for the defendant in a negligence action wherein the defendant was charged with negligence in the maintenance of an uninsulated wire carrying high voltage electricity near certain commercial real property in or near the City of Vero Beach, Florida.
The plaintiff, appellant here, Lindsey Brown, filed a complaint against the City of Vero Beach on 6 August 1968 in which he alleged that on 16 May 1968, while he was helping his father erect a TV antenna on top of his father’s store, a gust of wind blew the antenna into nearby electrical wires maintained by the defendant in an uninsulated condition. As a proximate re- *223 suit, the complaint alleges, the plaintiff suffered serious injuries. The City’s answer denied negligence and affirmatively pled contributory negligence. The cause was tried before a jury. At the close of the plaintiff’s case the defendant moved for a directed verdict on the alternative grounds that either the City was not guilty of negligence proximately causing injury to the plaintiff or the plaintiff was guilty of contributory negligence as a matter of law. The trial court granted the directed verdict on the ground that there had been no showing of negligence on the part of the City which proximately caused the plaintiff’s injury.
The state of the evidence at the time of the motion for directed verdict was accurately summarized by the trial judge as follows:
“The evidence shows that the defendant installed an electrical transmission line over and along State road right of way known as Old Dixie Highway No. 1 about 1926. The plaintiff was injured while on certain property lying immediately east of and adjoining the east right of way line of the road right of way described as Lots 6, 7 and 8 in S.P. Subdivision, I believe were the particular lots. A pole carrying the transmission line was located near the north boundary line of the lots in question on the road right of way three feet five inches inside of the road right of way. And another pole was located on the road right of way some two hundred to four hundred feet south of the lots in question. The cross arm on the north pole extended out outside of the road right of way to the east one foot six inches. The cross arm was 29 feet above the ground, twenty-eight feet three inches above the sidewalk, twenty-six feet eight inches above the ground at the place where the accident occurred. There was a building on the lots in question fronting on the road right of way with a marquee on the front of it. The defendant’s transmission lines were eighteen feet above the roof of the marquee and seven feet ten inches west of the building.
“Just prior to the accident the plaintiff and his father had assembled a T.V. antenna, which was approximately five feet long, eight feet wide at one end and narrowing almost to a point at the other end. They had attached to such antenna two long wires . . . and had attached the antenna to an iron pipe or pole twenty feet or slightly more in length, and had moved the antenna in such condition to the roof of the marquee where the plaintiff and his father assembled the antenna and were about to move it onto the roof of the marquee, plaintiff’s father cautioned the plaintiff to watch out for the wires.
“The plaintiff at that time was an intelligent individual in his thirties. He looked at the transmission wire, he had seen them a number of times before, and he knew the dangers of electricity. After they got the antenna on the roof of the marquee, and the antenna was resting on the roof of the marquee in an upright position, and was being held by the plaintiff with his hands in such manner, as plaintiff sought to move the antenna several feet on the roof of the marquee in such upright position, a gust of wind caused the antenna to fall into the transmission lines and plaintiff sustained burns which later necessitated the amputation of both of his hands approximately midway between the wrist and the elbows.”
In view of the proximity of the wires and the building, the wires’ potential for the infliction of serious physical injury in the event of human contact, and the widespread usage of television antennas — a fact of which courts may take judicial notice — we hold that the defendant’s asserted absence of negligence in the keeping of these particular wires at the time and place in question did not so clearly appear as to be a matter of law. Likewise we hold that on the facts of this case questions of con- *224 tributary negligence and proximate cause were within the realm of jury issues, when the motion for directed verdict was made. See Rist v. Florida Power & Light Co., Fla.1971, 254 So.2d 540; Allen v. Florida Power Corporation, Fla.1971, 253 So.2d 401, and Collins v. Florida Power & Light Co., Fla.App.1971, 256 So.2d 7 all of which were decided after the trial court’s ruling here. Consequently the able trial judge did not have the benefit of these opinions at the time he passed on the motion.
The judgment appealed from is reversed and the cause is remanded for a new trial.
Reversed and remanded.
OWEN, J., and WHITE, JOSEPH S., Associate Judge, concur.