WIGGINTON, Judge.
We have before us an appeal by appellant, Nancy Feagle, of the trial court’s order of dismissal with prejudice of her third *1248 amended complaint against appellee, Florida Power and Light Company, Inc., seeking damages for the alleged wrongful death of Lewis Feagle, her husband. We affirm in part and reverse in part.
Appellant’s third amended complaint contained four counts and was filed on behalf of the decedent’s estate, herself and her two minor children. She alleged that the decedent was employed as a lineman by Mamba Engineering Company, Inc., which was hired by appellee Florida Power and Light Company (Florida Power) to perform repair work on high tension electrical power lines. On October 7, 1981, the decedent was working on appellee’s lines when his arm came into contact with the energized power line or an insulator. Despite his attempts to remove himself from the line, his body slumped over it with his arm still grounded to the wire, thus closing the electrical circuit. His body became a conductor and a continuous large voltage of electricity caused his death.
In count I, appellant alleged that on October 7, 1981, Florida Power knew or should have known that individuals would be working in close proximity to the power lines; that Florida Power had a duty to operate, control and maintain the high tension wires in a reasonably safe and serviceable condition for the workmen servicing the lines; that Florida Power failed to exercise care to protect the decedent by: (1) failing to de-energize the lines, (2) failing to reroute the electrical energy in the lines, (3) failing to place guards, insulators or other protective devices around the lines, (4) causing or permitting a voltage higher than was reasonably necessary to be transmitted by the lines, and (5) failing to regard, observe, follow or adhere to proper safety regulations in the maintenance, operation, transmission of electrical power, and location of the high tension electrical power lines. She claimed that Florida Power thus breached its duty of care to the decedent as an employee of an independent contractor in a manner that amounted to willful and wanton disregard for human life; that as a direct and proximate result of that breach of duty, the decedent was killed.
In count II, appellant alleged that on October 7, 1981, the decedent was a business invitee of Florida Power; that for the reasons enumerated above Florida Power failed to exercise reasonable care to protect the decedent in his capacity as a business invitee; that as a direct and proximate result of Florida Power’s breach of duty of reasonable care, the decedent was killed.
Counts III and IV seek damages individually for appellant and the two children, respectively. As to all counts, appellant sought compensatory and punitive damages.
The complaint fails to allege ultimate facts to support the claim for punitive damages. Thus, as to that claim, the order of dismissal is affirmed. However, the complaint contains sufficient allegations to withstand a motion to dismiss as to the claims for compensatory damages. Appellant has alleged a duty, a breach of duty, and proximate cause. See Clark v. Boeing Co., 395 So.2d 1226 (Fla. 3d DCA 1981). Although the law is clear that a power company does not have the duty to provide an absolutely safe place to work to employees of an independent contractor hired to work on or around power lines, the company does have a duty to exercise the highest degree of care, commensurate with the circumstances of the occasion, in regard to those employees. Ahearn v. Florida Power and Light Company, 129 So.2d 457 (Fla. 2d DCA 1961); Vanlandingham v. Florida Power & Light Co., 18 So.2d 678 (Fla.1944). Since appellant’s complaint contains allegations of ultimate facts which, if proven, could show that Florida Power breached a duty to the decedent to exercise the highest degree of care in regard to the decedent, dismissal of the complaint was improper. Therefore, that portion of the order dismissing the compensatory damage claims of the third amended complaint is *1249 reversed and remanded for further proceedings in this cause.
WENTWORTH and THOMPSON, JJ., concur.