501 So.2d 5 (1986)
Michael D. LEWIS, Appellant,
v.
GULF POWER COMPANY, Appellee.
No. BH-85.
District Court of Appeal of Florida, First District.
September 26, 1986.
On Motion for Rehearing January 23, 1987.
*6 Gerald McGill of Southworth & McGill, P.A., Pensacola, for appellant.
Charles J. Kahn, Jr., and M. Robert Blanchard of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellee.
BOOTH, Chief Judge.
This cause is before us on appeal from a summary judgment entered in favor of Gulf Power Company on the basis of an affidavit asserting the injuries received by appellant to be the direct result of his own negligence. We find material issues of fact and reverse.
Appellant, Michael D. Lewis, was employed by Burnup & Sims, Inc. to string cable for cable television hookups on power poles owned by appellee, Gulf Power Company. In completing this procedure, appellant tightened a guy wire, which suddenly became live with current, causing a short circuit and an explosion. Appellant suffered severe electrical burns and filed suit for damages, alleging "negligence on the part of the Defendant, GULF POWER COMPANY, in the construction and/or maintenance, and supervision of the use of the electrical power poles and wires belonging to GULF POWER COMPANY." Appellee submitted a motion for summary judgment supported by the affidavit and deposition of its employee to the effect that the electrical explosion was due to appellant's own negligence in over-tightening the guy wire, and was not due to any negligence in the maintenance or construction of the power poles.
Other facts developed on motion for summary judgment are that appellee Gulf Power *7 had a written agreement with Cox Cable Corporation, in which Cox Cable was licensed to use Gulf Power's power poles to string cable for television hookups. The agreement provided that Cox Cable fully indemnify Gulf Power from any liability and utilize employees and contractors who are experienced in working with energized electrical conductors. Appellant was employed by Burnup & Sims to string cable for Cox Cable.
The record provides no evidence regarding appellant's training. However, on motion for summary judgment, there was evidence that Cox Cable's personnel had created dangerous conditions on at least a dozen occasions in the past, requiring Gulf Power to use corrective measures such as repulling guy wires or resagging overhead lines to put the system back in safe working order. The previous episodes had not resulted in any personal injuries, and there is no indication that Cox Cable or Burnup & Sims were aware of the incidents or of Gulf Power's corrective measures.
A power company is not an insurer and does not have the duty to provide an absolutely safe work place for employees of independent contractors hired to work on or around power lines. However, the power company does have a duty to exercise the highest degree of care commensurate with the circumstances to prevent injury to third parties, including employees of independent contractors, subcontractors, etc. Feagle v. Florida Power and Light Company, Inc., 464 So.2d 1247, 1248 (Fla. 1st DCA 1985), citing Ahearn v. Florida Power and Light Company, 129 So.2d 457 (Fla. 2d DCA 1961). Moreover, when the owner of property knows of a dangerous condition which the independent contractor will likely encounter, the owner must either give warning or use ordinary care to furnish protection against such dangers to the employees or contractors who are without actual or constructive notice. Florida Power & Light Co. v. Robinson, 68 So.2d 406 (Fla. 1953). In Horton v. Gulf Power Company, 401 So.2d 1384 (Fla. 1st DCA 1981), this court held that the power company's duty to the independent contractor's employees was satisfied by giving notice to the supervisory personnel of the independent contractor of the dangerous condition. In Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977), it was held that if the contractor is aware of the danger and elects to have his employees proceed, the owner will not be held liable.
In the instant case, there is evidence that Gulf Power had actual knowledge of the dangerous conditions created on its power poles by the employees of Cox Cable and/or Burnup & Sims. However, the record does not reveal knowledge by, or notice given to, the independent contractor, its supervisory personnel, or appellant of the dangerous condition caused by repeated overtightening of guy wires. Therefore, summary judgment cannot be supported on the basis found, for example, in Horton v. Gulf Power Company, supra, and there are issues of fact which preclude a determination that, as a matter of law, Gulf Power was without fault in causing appellant's injury.
In view of the foregoing, we must reverse final summary judgment.
SHIVERS and WIGGINTON, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellee urges that "the record is conclusive that both Cox Cable and Mr. Lewis' direct employer were aware of the problem, and that Mr. Lewis' employer warned him prior to the accident." On the contrary, we find from our review of the record that the deposition of Mr. Balkom, appellee's service supervisor, lends itself to conflicting inferences on material issues, thereby precluding summary judgment. Balkom testified that there had been more than a dozen prior incidents involving overtightening of guy wires by workers stringing television cable lines and that these incidents did not cause personal injuries but were documented *8 on the Gulf Power computer. Balkom testified that Cox "had been talked to" about overslacking or underslacking the wires before the accident, but the nature of the information conveyed and its sufficiency to satisfy the duty to warn are far from clear.
Electricity is a highly dangerous, invisible force. Those who generate and transmit electricity have a duty to act with a degree of care commensurate with the danger involved. Teddleton v. Florida Power & Light Co., 200 So. 546, 145 Fla. 671 (1941), and Padgett v. West Florida Electric Cooperative, Inc., 417 So.2d 764, 766 (Fla. 1st DCA 1982). In view of Gulf Power's admitted knowledge of similar prior incidents, a jury question is presented as to the sufficiency of any notice given of the danger.
BOOTH, C.J., and SHIVERS and WIGGINTON, JJ., concur.