566 So.2d 922 (1990)
TRI-CITY USED CARS, INC., Appellant,
v.
Robert L. GRIM, Jr. D/B/a Bob Grim Insurance Agency, Appellee.
No. 89-2308.
District Court of Appeal of Florida, First District.
September 13, 1990.
William H. Hughes, III of Fuller, Johnson & Farrell, P.A., Tallahassee, for appellant.
Gordon D. Cherr of Karl, McConnaughhay, Roland & Maida, P.A., Tallahassee, for appellee.
SMITH, Judge.
In this appeal of a summary judgment, appellant, the plaintiff below, contends genuine factual issues remain. We reverse.
Appellant, Tri-City, is a used car business operating in Quincy, Florida. According to the complaint, an agent of the appellant had requested insurance coverage for "theft," among other things. After a policy had been purchased, an automobile was, according to the complaint, "stolen" from appellant's premises. Appellant made a demand for the loss, but the insurance company denied coverage. Appellant subsequently filed suit charging appellee was negligent in failing to obtain coverage for the type of happenstance which resulted in the loss of the automobile.
It is not clear from the complaint, nor subsequent pleadings, how the car was taken from the appellant. Nevertheless, it is alleged in the complaint, as originally filed and as amended, that the appellee had "specifically assured" appellant that it was purchasing coverage for "potential thefts" and that exclusion of appellant's claim for the loss of the car was "directly contrary to the assurances given to [appellant] by [appellee]."
The basis of appellant's motion for summary judgment was that appellant got what he bargained for because the policy provided to appellant did cover loss as a result of "theft." The policy, however, specifically excludes losses as a result of someone causing the insured to voluntarily part with an auto "by trick or scheme or under false pretenses." Under appellee's view, although the meaning of theft under the policy does not include loss by trick, scheme or false pretenses, appellant nevertheless received coverage for "theft." It was because the policy specifically states losses due to "theft" are covered that the trial court granted summary judgment.
However, if appellant did indeed, as somewhat inartfully alleged, request coverage for the kind of occurrence which resulted in the loss of the car, then appellee would not be entitled to a summary judgment on the record as thus far developed. *923 When a defendant moves for summary judgment, the allegations made in the complaint must be accepted as true, unless affirmatively disproved. Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). Moreover, summary judgment is appropriate only when there is no genuine issue of fact and the movant is entitled to judgment as a matter of law. Zygmont v. Smith, 548 So.2d 902 (Fla. 1st DCA 1989). Because appellee failed to affirmatively disprove the allegation reasonably made apparent from the language of the complaint that the provision of coverage which excluded the claim was directly contrary to the assurances given by him, the appellee was not entitled to summary judgment.
Accordingly, the summary judgment is reversed and the cause is remanded for further proceedings.
ALLEN, J., concurs.
NIMMONS, J., dissents with written opinion.
NIMMONS, Judge, dissenting.
I would affirm.
I am of the view that the appellee, as the movant for summary judgment, established a prima facie case that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law.
Tri-City's complaint alleged that it wanted Grim to obtain insurance which would cover the theft of vehicles from Tri-City's premises and that Grim "failed to procure for [Tri-City] an insurance policy which would provide coverage for thefts of automobiles from [Tri-City's] premises." The insurance policy procured by Grim was attached to his answer. As alleged in Grim's subsequent motion for summary judgment, the policy clearly provided coverage for the theft of vehicles from Tri-City's premises.
During the two-month period between the service of Grim's motion for summary judgment and the hearing thereon, Tri-City took no action to amend its complaint relative to its allegations against Grim. There is no evidence in the record of this case as to how the subject vehicle was taken from Tri-City's premises and the only allegation in Tri-City's pleadings is its statement that the vehicle was "stolen from the plaintiff's premises."
Although a summary judgment movant has the initial burden of demonstrating the nonexistence of any genuine issue of material fact, once he has carried that burden, the non-moving party must come forward with countervailing evidence sufficient to reveal a genuine issue, and it is not enough for the latter to merely assert that an issue does exist. Landers v. Milton, 370 So.2d 368 (Fla. 1979). Tri-City failed to come forward with any such countervailing evidence.
I would also note that, at the time the court had before it Grim's motion for summary judgment, there was also a motion filed by Tri-City for leave to amend by adding Empire Fire and Marine Insurance Company, the company that issued the subject policy. In that motion, Tri-City alleged that "[i]t appears that plaintiff and defendant are in agreement that the policy which plaintiff purchased did provide coverage for thefts like the one forming the basis of this suit."
In my view, the trial court properly granted summary judgment in favor of appellee Grim. I would therefore affirm.