570 So.2d 379 (1990)
GULF POWER COMPANY, a Foreign Company, Appellant,
v.
COX CABLE CORPORATION, Appellee.
No. 90-589.
District Court of Appeal of Florida, First District.
November 15, 1990.
Rehearing Denied December 18, 1990.
*380 J. Nixon Daniel III of Beggs & Lane, Pensacola, for appellant.
David H. Burns and Mark E. Holcomb of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for appellee.
WOLF, Judge.
Gulf Power Company (Gulf) seeks review of the trial court's order granting Cox Cable Corporation's (Cox) motion for summary judgment as to Gulf's third party action. We find merit in Gulf's contentions and reverse.
This litigation arises from a contract entered into by Gulf and Cox on January 1, 1978. The contract was a licensing agreement which allowed Cox to attach cables, wires, and appliances to poles belonging to Gulf. Among other items, the contract required Cox to ensure the safe installation and maintenance of any wires, cables or devices attached to the poles belonging to Gulf; Cox also was required to indemnify Gulf. Cox contracted with Burnup and Sims, Inc., a cable installation contractor, to perform the installation.
On July 16, 1981, Michael Lewis, an employee of Burnup and Sims, suffered electrical burns while in the process of stringing cable. Mr. Lewis brought suit against Gulf. Gulf then filed a third party complaint against Cox seeking indemnification and claiming breach of contract and negligence on the part of Cox. Gulf also asserted claims against Burnup and Sims.
The third party complaint alleged that Cox was negligent in its performance of the contract and that the negligence of Cox was the sole and proximate cause of Michael Lewis' injuries. Gulf further alleged that Cox breached the terms of paragraph 9 of its contract with Gulf. Paragraph 9 reads in pertinent part:
In the installation and maintenance of its facilities, licensee shall utilize employees and contractors who are experienced in working with and around energized electrical conductors.
Gulf also sought indemnification, pursuant to the contract, from Cox for any damages which Gulf might be required to pay Lewis as a result of his injuries.[1]
In the original cause of action by Michael Lewis, summary judgment was granted in favor of Gulf. The ruling was appealed. This court reversed because it determined that a question of fact existed regarding the sufficiency of Gulf Power's warning to Michael Lewis regarding the dangerous conditions arising from unsafe work practices of the cable workers (overtightening *381 wires). Lewis v. Gulf Power Co., 501 So.2d 5, 7 (Fla. 1st DCA 1987), rev. denied, 508 So.2d 14 (Fla. 1987). The determination by the district court of appeal did not address the causes of action between Gulf and Cox. Gulf eventually settled with Michael Lewis. Cox then sought summary judgment against Gulf. Both parties submitted affidavits; the most relevant facts contained therein revealed:
1) Cox contracted with Burnup and Sims to install the cable line. Cox had no employees working on the cable installation. Burnup and Sims, a cable installation contractor personally known by Cox to be well qualified and one of the largest, most established cable companies in the nation, to perform the work.
2) Cox had been notified on several occasions by Gulf of problems with Cox's contractor, Burnup and Sims, Inc., including incidents involving over-tightening of lines. In addition, Cox assured Gulf that it would contact Burnup and Sims to assure that the problems were corrected.
The trial court granted summary judgment, finding in pertinent part:
1) Gulf Power's claim was for contractual indemnification, based on Cox Cable's alleged breach of Paragraph 9 of its contract with Gulf Power.
2) Cox Cable fully complied with the terms of its contract with Gulf Power, specifically paragraph 9, by hiring Burnup and Sims, an experienced cable company.
3) The contractual indemnity language relied upon by Gulf Power is invalid and unenforceable under Florida law because it was not specific enough to indemnify Gulf against its own negligence.
4) Section 725.06, Florida Statutes, precludes utilization of the indemnification clause in the instant case.
We find that the trial judge erred in granting summary judgment.
Summary judgment is appropriate only when there is no genuine issue of fact and the movant is entitled to judgment as a matter of law. Zygmont v. Smith, 548 So.2d 902 (Fla. 1st DCA 1989), and Tri-City Used Cars, Inc. v. Grim, 566 So.2d 922 (Fla. 1st DCA, 1990). The burden is upon the moving party to conclusively demonstrate that there are no genuine issues of material fact existing at the time of the motion. Clark v. Van de Walle, 332 So.2d 360 (Fla. 2nd DCA 1976). In determining whether to grant a summary judgment, the court should not only consider the pleadings but also must examine the pertinent discovery as well as any affidavits on file. Rule 1.510(c), Fla.R.Civ.P. All inferences reasonably justified by the materials in front of the court must be liberally construed in favor of the nonmoving party. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965). In light of these general principals, we examine the issues before this court.

I. Whether the trial court erred in determining that Cox fully complied with its contractual obligations under paragraph 9 and was entitled to a summary judgment as to Gulf's claim for breach of contract.
Cox asserts that the trial judge properly limited its scope of inquiry to the specific wording of paragraph 9 in determining whether Cox breached its contractual obligation.[2] Thus, they assert that the determination that Cox hired a contractor who was experienced in working with and around energized electrical conductors was dispositive. We feel that this was too narrow an interpretation. In construing a provision *382 of a contract, the court should look at the contract as a whole to ascertain the intent of the parties. J & S Coin Operated Machines, Inc. v. Gottlieb, 362 So.2d 38 (Fla. 3rd DCA 1978); Mount Vernon Fire Ins. Co. v. Editorial America, 374 So.2d 1072 (Fla. 3rd DCA 1979).
In light of the other provisions in the contract relating to Cox's responsibilities for injuries to parties working on the lines, a fact finder can reasonably infer that Cox not only had a duty to hire experienced contractors, but Cox also had a duty to make all reasonable efforts to correct or to warn all parties when they became aware of deficiencies in the practices employed by their contractor or that their contractor was utilizing inexperienced employees in an inherently dangerous situation.[3]See Lewis v. Gulf Power, supra, at 7. We, therefore, find that the trial court erred in granting summary judgment on the issue of breach of contract.

II. Whether the trial court erred in granting summary judgment for Cox on Gulf's claim for indemnification.
Contracts which purport to indemnify a party against its own wrongful acts are viewed with disfavor in Florida. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979). Such contracts protecting a party in situations where they are solely negligent will be enforced only if they express a clear and unequivocal intent to protect the indemnitee from its own wrongful acts. University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973). The degree of specificity required for indemnification in cases of joint negligence is, however, less stringent. United Parcel Service of America, Inc. v. Enforcement Security Corp., 525 So.2d 424 (Fla. 1st DCA 1987).
The indemnification language in the instant case is similar to the language in United Parcel Service of America, Inc. which this court held was sufficient to sustain indemnification in cases where the parties are jointly liable.
In light of the affidavits in the instant case indicating Cox's knowledge of the potentially dangerous situation, a jury could reasonably infer that Cox as well as Gulf was negligent in not informing the plaintiff of the known dangerous condition. There were still factual issues to be resolved concerning whether Gulf and Cox were, in fact, joint tort-feasors. The trial court, therefore, erred in determining that the indemnification clause was invalid and unenforceable under Florida law. See United Parcel Service of America, Inc.

III. Whether section 725.06, Florida Statutes, precludes Gulf from maintaining an action for indemnification against Cox.
Section 725.06, Florida Statutes, provides:
Construction contracts; limitation on indemnification.  Any portion of any agreement or contract for, or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating connected with it, or any guarantee of, or in connection with, any of them, between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman, or between any combination thereof, wherein any party referred to herein obtains indemnification from liability for damages to persons or property caused in whole or in part by any act, omission, or default of that party arising from the contract or its performance shall be void and unenforceable unless:
(1) The contract contains a monetary limitation on the extent of the indemnification and shall be a part of the project *383 specifications or bid documents, if any, or
(2) The person indemnified by the contract gives a specific consideration to the indemnitor for the indemnification that shall be provided for in his contract and section of the project specifications or bid documents, if any.
This statutory provision expressly applies in situations when an owner of real property contracts for improvements to property. In the instant case, however, Gulf was not seeking to have improvements made, but rather Cox was seeking a license to utilize the property of Gulf. Section 725.06, Florida Statutes, therefore, does not apply in this situation and would not preclude Gulf from seeking indemnification.
In view of the foregoing, we reverse the final summary judgment and remand to the trial court.
WENTWORTH and MINER, JJ., concur.
NOTES
[1] The contract between Gulf (licensor) and Cox (licensee) contains the following sections concerning indemnification:

Page 1 of the contract contains the following provision:
"Whereas complete indemnification of licensor is contemplated hereunder."
Page 2 of the contract contains the following language:
"assent [to proposed attachment] by licensee shall not deprive licensee of full indemnification which is a prime condition of the undertaking."
Paragraph 10 of the contract reads in pertinent part:
Licensee shall indemnify, protect and save the licensor forever harmless from and against all claims and demands for damage to property and injury or death, including but not restricted to employees of licensees or employees of any contractor or subcontractor performing work for licensee ... which may arise out of or caused by erecting material.
[2] Appellee also asserts that the third party complaint inadequately pleads a case for contribution, indemnification, negligence, and breach of contract. While we agree that the pleading appears somewhat deficient, the appellee never moved to dismiss or for a more definite statement. The pleading here was not so deficient as to require granting a summary judgment. Further, in cases where affidavits reveal a clear cause of action, the trial court should not grant a summary judgment which does not grant leave to amend the complaint. Dorset House Ass'n, Inc. v. Dorset, Inc., 371 So.2d 541 (Fla. 3rd DCA 1979).
[3] We are not holding that Cox had a duty to actively supervise its independent contractor, Burnup and Sims, but rather that based on the contract in the instant case, a jury could reasonably find a duty to attempt to rectify a potentially dangerous situation which they became aware of.