616 So.2d 1127 (1993)
GREAT SOUTHERN PETERBILT, INC., Appellant,
v.
Thomas C. GEIGER and his wife, Delores M. Geiger, Appellees.
No. 92-1117.
District Court of Appeal of Florida, First District.
April 13, 1993.
Rehearing Denied May 10, 1993.
Frank W. Hession and Robert B. Guild, Jacksonville, for appellant.
Frank E. Mahoney, Jr., P.A., Macclenny, for appellees.
WOLF, Judge.
Great Southern Peterbilt, Inc. (Great Southern) challenges a final judgment awarding damages in a negligence action in favor of appellees, Thomas C. Geiger and his wife, Delores M. Geiger *1128 (Geiger). Appellant raises a number of issues on appeal, one of which is dispositive and will be discussed herein: Whether the trial court erred in denying appellant's motion for a directed verdict where there was insufficient evidence that appellant was negligent or that such negligence caused the damages suffered by appellees. We find that the evidence presented by appellees was insufficient to support the award, and we reverse.
Appellees owned a 1984 Freightliner truck that they took to Great Southern to be repaired in March of 1990. Great Southern was to put a new motor in the truck. When the Geigers went to pick up the truck on April 4, 1990, they found that several items in the dashboard were not working. Appellee left the truck with appellant for further repairs. After the appellant called the appellee, Geiger picked up the truck on April 6, 1990, and drove it from Great Southern to Macclenny, Florida. Geiger discovered on that drive that the running lights were not working properly and that the ignition switch was loose. Great Southern was closed for the day, so Geiger planned to return the truck the next day. Appellee said that when he got home, he and his son performed some work on the truck, including putting the antenna back on, attaching the bumper, and connecting the fog lights. Geiger also testified that he had done some wiring on the truck when he first bought it, and he had done some electrical work since then.
A neighbor testified that she saw appellee and his son working on the truck on the night of April 6, 1990, with the hood up and both doors open at 6:15 p.m., and again at 7:00 p.m. and 8:00 p.m. Later that evening, when Mrs. Geiger noticed that the head-lights were on and the truck was running, Mr. Geiger opened the door to the truck and saw that the vehicle was on fire and that the fire was coming from the dash area to the right of the steering column.
Several experts testified that the fire appeared to start on the right side of the steering column in the dash, and that there was some indication of an electrical problem; however, none of the experts were able to testify as to what caused the fire, or that any of the wiring worked on by Great Southern was involved.
Thomas Geiger testified that he and a friend went to check on the truck while it was being repaired by Great Southern and saw that Great Southern had hot wired the truck by taking a portion of wiring out of the dash and pulling it out about eight inches. This was done near the ignition switch which was on the left side of the steering column. Paul Johnson, service manager at Great Southern, testified that after the repairs were done, the truck was run for three to four hours without a problem. Johnson testified that when Great Southern received the truck, it had several nonfactory wires along the frame rail, and that there was a hot wire hanging from the headliner. Johnson pointed this out to Geiger, and Geiger said that the wire was to hook up his radio. The other wires were for fog lights, according to Geiger. No direct evidence was presented concerning specific negligence on the part of Great Southern or what actually caused the truck fire.[1]
The trial court should grant a motion for directed verdict where the evidence taken in the light most favorable to a nonmoving party along with all reasonable inferences to be drawn fails to prove the nonmoving party's case. Allen v. Florida Power & Light, 253 So.2d 401 (Fla. 1971). In order to recover in a negligence case, the plaintiff must show that the defendant was negligent and that the negligent act caused the injuries sustained by the plaintiff. Marcano v. Puhalovich, 362 So.2d 439 (Fla. 4th DCA 1978), and Greene v. Flewelling, 366 So.2d 777 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 99 (Fla. 1979). The record shows that appellees presented neither direct proof nor sufficient circumstantial evidence to meet their burden as to Great Southern's negligence or to show *1129 that such negligence caused appellee's damage. In view of the foregoing, we reverse the judgment and remand to the trial court for entry of a judgment in favor of appellant.
KAHN and WEBSTER, JJ., concur.
NOTES
[1] Appellees neither pled nor requested that an instruction on res ipsa loquitur be given. Additionally, it is not clear that such an instruction would have been warranted where appellant did not have exclusive control of the vehicle immediately prior to the fire.